IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

ZENA ASSOCIATES, LLC
    Plaintiff,

v.

ANDREW C. ABRAMS ET AL.,

    Defendants.

FILED
MAR 18 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

CIVIL ACTION

NO. 10-4955

## MEMORANDUM OPINION

Tucker. J.                                                                                           March __, 2011

Presently before the Court is Defendants Specma Wiro AB and Specma Hydraulic AB's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)-(3) and Due To Lack of Personal Jurisdiction and Improper Venue (Doc. 17) and Plaintiff's Response in Opposition thereto For Leave to Reply (Doc.27). Upon careful consideration of the parties submissions and exhibits thereto, the Court will deny the motion.[1]

I.                                         **FACTUAL BACKGROUND**

The instant action involves <u>inter alia</u> allegations of trademark infringement and patent infringement. The facts relevant to the instant motion are as follows. Zena Associates, LLC ("Zena" or "Plaintiff"), a Pennsylvania limited liability company, is the assignee and owner of all right title and interest of record of two patents, United States Patent No. 5,357,998 ("the 998 patent") and United States Patent No. 6,546,947 ("the 947 patent") (Compl. ¶¶ 1, 25, 26.) Plaintiff acquired title to said

---

[1] On January 21, 2011, Defendants Specma Wiro AB and Specma Hydraulic filed a motion for leave to reply to Plaintiff's Response in Opposition to its initial Motion to Dismiss. (Doc. 28.) In said motion, Defendants Specma Wiro AB and Specma Hydraulic noted that they would file said reply within five days of the Court's approval of the request, if granted. In an order entered on February 7, 2011, the Court granted the motion for leave to reply. (Doc. 29.) To date, the moving Defendants have failed to to file a reply.

-1-

patents in August of 2005, when Zena purchased the assets of Smart Hose Technologies, Inc. and Smart Hose, Inc. (Compl. ¶ 18.) Through this asset purchase, Zena also obtained ownership of the trademark SMART-HOSE and became the equitable owner of the trademark LIFELINE. (Compl. ¶ 28.) Zena is in the business of fabricating, assembling and selling industrial hoses, specifically hoses containing safety systems that cut the flow of liquid in instances where the hose fails. (Compl. ¶24.) Said hoses are sold under the name Smart-Hose and are available in three styles: Lifeline I, Lifeline II and the Lifeline Breakaway. (Compl.¶ 24.) Zena's Lifeline I hose is a commercial embodiment of the 998 patent and Lifeline III is a commercial embodiment of the 947 patent. (Compl. ¶ 27.)

Defendants Specma Wiro AB and Specma Hydraulic AB (collectively Specma) are corporations organized and existing under the laws of Sweden. Both Defendants Specma Wiro AB and Specma Hydraulic AB maintain principal places of business at Dynamo Road 7, Box 247, 591 23 Motala, Sweden. (Compl. ¶¶ 9,10.) Specma previously contemplated entering into a business relationship with Plaintiff whereby Specma would finish and assemble Zena's proprietary products for distribution. (Geuvra Decl. ¶ 2.) During the beginning stages of this relationship Specma sent employees to Plaintiff's Philadelphia, Pennsylvania facility to receive training on Plaintiff's products. (Geuvra Decl. ¶ 4.) Zena alleges that the Specma Wiro entities manufacture one or more hoses that infringe at least the 998 Patent in violation of 35 U.S.C. § 271(b). (Compl. ¶ 48.) Further, Plaintiff avers that upon information and belief, the Specma Wiro entities, through Andrew Abrams, have offered for sale and sold hoses in the United States that infringe the 998 Patent. (Compl. ¶ 78.)

## II.          PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 22, 2010, with the filing of a Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendants Andrew C. Abrams, Joseph H. Abrams, Tom Steinbach, Birkdale International Group LLC, d/b/a/ Global Passive Safety Systems Ltd., Woodland Technologies, Inc., MAGA Corporation, Specma Wiro AB, Specma

Hydraulic AB, and Valley Industrial Rubber Products Co., Inc. (hereinafter collectively referred to as the "Defendants") seeking injunctive relief and damages. See (Doc.1) On December 20, 2010, the parties entered into a stipulation agreeing to dismiss the claims asserted by Plaintiff against former Defendants Joseph H. Abrams, Woodland Technologies, Inc., and MAGA Corporation without prejudice. (Doc. 22.)

The Complaint sets forth the following seven (7) claims: (count I) trademark infringement in violation of 15 U.S.C. §§ 114 and 1125; (counts II and III) patent infringement in violation of 35 U.S.C. § 271 (a)-(b); (count IV) Plaintiff requests a permanent injunction pursuant to 35 U.S.C. § 283; (count V) trademark dilution and false advertising in violation of 15. U.S.C. § 1125 et seq.,; (count VI) unfair competition under Pennsylvania common law and (count VII) trade libel/ defamation also under Pennsylvania common law. On December 3, 2010, Specma filed a motion to dismiss the above-captioned action as against them pursuant to Fed. R. Civ. P 12 (b)(2) and 12(b)(3) respectively due to lack of jurisdiction and improper venue.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12 (b)(2), a court may dismiss a suit for lack of personal jurisdiction. Fed. R. Civ. P. 12 (b)(2). "Questions of personal jurisdiction in patent infringement actions are governed by Federal Circuit law, rather than that of the regional circuit in which the actions arise." Davlyn Mfg. Co., Inc. v. H&M Auto Parts, Inc., 414 F. Supp.2d 523, 527 (E.D. Pa. 2005) (citing Akro Corp. v. Luker, 45 F.3d 1541 at 1543 (Fed. Cir. 1995)). See also 3D Sys. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). In fact, even in instances where district courts exercise supplemental jurisdiction over state law claims, such as the instant case, "the propriety of jurisdiction in light of federal due process for both the state law claims and the federal patent law

claims is to be analyzed using Federal Circuit law." Aarotech Labs., Inc., 160 F.3d at 1378.

In reviewing a Rule 12(b)(2) motion, the court must accept all of a plaintiffs allegations as true and construe disputed facts in the plaintiffs favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Nonetheless, a plaintiff bears the burden of establishing through affidavits, or competent evidence that the court has jurisdiction over a defendant when served with Rule 12(b)(2) motion to dismiss. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001). See also Carteret Sav. Bank 954 F.2d at 146. Plaintiff need only make out a prima facie case for personal jurisdiction then the burden shifts to the Defendant to establish that jurisdiction is lacking or unreasonable. Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).

A district court may assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits, consistent with the requirements of due process. See Inamed Corp., 249 F.3d at 1360. In assessing whether personal jurisdiction is authorized, the court must perform a two part inquiry. Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). First, the Court must look to the long-arm statute of the forum state. See Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1319 (Fed. Cir. 2005). If the exercise of jurisdiction is appropriate under that statute, the court must then decide whether such exercise comports with due process requirements. Id. Because Pennsylvania's long-arm statute is coextensive with the limits of due process, the determination of whether jurisdiction comports with due process is dispositive. 42 PA. CONS. STAT. ANN. § 5322(b); see also Resnick v. Manfredy, 52 F. Supp. 2d 462, 466 (E.D. Pa. 1999). Stated differently, the two inquiries collapse into one question, i.e whether jurisdiction is permissible under the due process requirements.

Due process requires that the non-resident defendant have "minimum contacts" with the forum state, in order to ensure that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." LSI Indus. Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1374-75 (Fed. Cir. 2000) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). In doing so, the Court ensures that the non-resident defendant has "fair warning that a particular activity may subject [him or her] to the jurisdiction of a foreign sovereign. . . ." Burger King Corp., 471 U.S. at 472. A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414-415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 n.9 (U.S. 1984). General jurisdiction is predicated on the defendant's "continuous and systematic contacts" with the forum. See Id. at 421. Specific jurisdiction, by contrast, exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. See Burger King Corp., 471 U.S. at 472-473. See also Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1411 (Fed. Cir. 2009) ("In the context of finding specific jurisdiction, the "minimum contacts" prong requires a showing that the defendant has "purposefully directed his activities at residents of the forum.") (citing Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico, 563 F.3d 1285, 1296 (Fed. Cir. 2009)). Even a single act can support specific jurisdiction, so long as it creates a "substantial connection" with the forum. Burger King Corp., 471 U.S. at 476. (citing McGee v. International Life Ins. Co., 355 U.S. 220, 223 (U.S. 1957)).

In Akro, the Federal Circuit outlined a three-prong minimum contacts test for determining if specific jurisdiction existed: (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. See Akro, 45 F.3d at 1545-46.

## IV. DISCUSSION

### A. Personal Jurisdiction

The Specma Defendants move to dismiss this action against them for lack of personal jurisdiction and improper venue. In support of this motion, Specma argues that the Court lacks specific jurisdiction over them because they do not satisfy the minimum contacts with the forum as required by Pennsylvania's Long Arm Statute. Further, Specma avers that personal jurisdiction is barred by the Due Process Clause of the Fifth Amendment. Additionally, Specma argues that general jurisdiction is lacking because they have neither continuously or systematically sought the protection of the laws of Pennsylvania or maintained a presence in the forum.[2]

In support of these arguments, Specma makes the following averments. First, Specma notes that they are Swedish corporations with principal places of business in Sweden. (Def.s' Mem in Supp. of Mot. To Dismiss 1). Further, Specma maintains that they do not have an office or real property within the Commonwealth of Pennsylvania. Id. Additionally, Specma avers that they are not registered to do business in the Commonwealth, pay no taxes to the Commonwealth, nor do they have any agents, employees or officers within the state of Pennsylvania. Id. at 2. Specma impliedly concedes that do, or have in the past had officers and/or employees travel to Pennsylavnia on business, as they noted that they do not have any employees who *regularly* travel through Pennsylvania on business. See (Def.'s Mem in Supp. Mot. To Dismiss. 2.) Last, Specma alleges that they do not make, sell or advertise any products in Pennsylvania.

In opposition, Plaintiff argues that specific jurisdiction exists over the moving Defendants in Pennsylvania because they have conducted business in the Commonwealth of Pennsylvania, and,

---

[2]Plaintiff appropriately highlights that the moving Defendants incorrectly rely on Third Circuit law in arguing that that the Court should grant its motion to dismiss.

through their offers for sale, have maintained continuous and systematic contacts with Pennsylvania. Thus, Zena argues that the Court may exercise personal jurisdiction over Specma because (1) Specma has purposefully directed its activities at residents of Pennsylvania, (2) Zena's patent infringement claim arises directly out of Specmas' activities within Pennsylvania, and (3) asserting personal jurisdiction in this case is reasonable given Specmas' activities in Pennsylvania.

Applying the Akro test to the instant action, the Court must first address whether Specma activities satisfy the first prong, i.e., whether Specma purposefully directed its activities at residents of Pennsylvania. See Akro, 45 F.3d at 1545-46. The essence of this prong asks whether the moving defendants' contacts with the forum state are relevant to the merits of the Plaintiff's claims. Here, Specma sought to enter into a business relationship with Plaintiff, a Pennsylvania limited liability company, whereby Specma would finish and assemble Zena's proprietary products for distribution throughout the United States. (Geuvra Decl. ¶ 2.) To that end, Specma entered into a Confidential Disclosure Agreement with Zena on October 4, 2007. (Ex. 1 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.); see also (Geuvra Decl. ¶ 3.) The Confidential Disclosure Agreement contains a forum selection clause in which Specma agreed to submit to personal jurisdiction in the United States District Court for the Eastern District of Pennsylvania. (Ex. 1 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.) Pursuant to this agreement, Specma sent three employees (Monica Gustafsson, Andres Johansson and Hakan Carlsson) to Pennsylvania to be trained by Plaintiff on the technical specifications and attributes of Zena's proprietary products.[3] (Geuvra Decl. ¶ 4.) It was after Specma

---

[3] These employees trained with Plaintiff for one week, from October 3, 2007, up to and including October 9, 2007. (Geuvra Decl. 2.) Interestingly, in the memorandum submitted in support of the instant motion, Specma notes that they do not have any employees who regularly travel through Pennsylvania on business. See (Def.'s Mem in Supp. Mot. To Dismiss. 2.) The regularity of travel is not the sole and dispositive inquiry. The mere fact that Specmas' employees have conducted business within the forum state is pertinent in assessing whether the exercise of jurisdiction is proper. In Touchcom, Inc., the Federal Circuit affirmed the denial of jurisdiction where Appellees never traveled to the forum in

acquired this proprietary information that Plaintiff avers Specma began to offer for sale and/or sell products that infringe the 998 patent.

On October 3, 2008, Specma sent a letter to Andrew Abrams, a defendant in this action who resides in Bryn Mawr, Pennsylvania offering him the opportunity to work with their companies. (Ex. 2 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.) The offer for employment was specifically to work in the sale of Specma products. Id. Specma later hired Abrams as their International Sales Director. Id. In this capacity, Abrams coordinates the sale of Specmas' products. Plaintiff avers that Abrams performs his responsibilities as International Sales Director while residing and operating out of the Commonwealth of Pennsylvania.[4] Further, Plaintiff avers that Abrams has made at least one offer for sale of the alleged infringing product on behalf of Specma. Exhibit three submitted in support of Plaintiff's response to the instant motion demonstrates that Abrams sent emails on behalf of Specma in his capacity as International Sales Director, as noted in the signature block of the email. (Ex. 3 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.) In this email Abrams provided pricing information for what appears to be one of Specmas' products in response to an inquiry from what also appears to be a prospective customer. (Ex. 3 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.) The Court cannot say that Specmas' contacts with the forum that are "random," "fortuitous," or "attenuated." Burger King Corp., 471 U.S. at 475. Taking into consideration all of the above-noted activity, the Court finds that Specma purposefully directed its activities at residents of Pennsylvania.

---

connection the patent and had not engaged in business negotiations with any forum residents. Touchcom, Inc.,574 F.3d at 1412.

[4] Defendant Abrams's email signature block noting that he is the International Sales Director for Specma bears a telephone number containing a Pennsylvania 267 area code in addition to an international phone number. (Ex. 3 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.).

The second prong of the Akro test requires the Court to assess whether the cause of action "arises out of" or "directly relates" to those activities. Plaintiff is suing Specma for patent infringement. Patent infringement occurs when someone "without authority makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a) (1994). Specma asserts that they have never sold any equipment, much less made a sale, in Pennsylvania. However, Plaintiff argues that Specma has engaged in patent infringement by offering to sell products which infringe on the 998 patent. The Court agrees. The governing statute explicitly provides that "patent infringement results from an offer to sell as well as the sale itself." Aarotech Labs., Inc., 160 F.3d at 1378. See also 35 U.S.C. § 271(a). Plaintiff offered evidence of Abrams, an employee of Specma who Plaintiff avers resides in and operates out of Pennsylvania providing price quotations for Specmas' products. The Federal Circuit has previously noted that price quotation letters can be treated as offers, in fact, in Aarotech Labs, Inc., the court noted that "to treat them as anything other than offers to sell would be to exalt form over substance." Aarotech Labs., Inc., 160 F.3d at 1379. Plaintiff also tendered evidence, through the declaration of Andrea Guerva, President of Zena Associates LLC, stating that Specma sent three employees into the forum to receive training on Plaintiff's proprietary products. (Geuvra Decl. ¶ 4.) During this training, Specmas' employees were privy to confidential information which Plaintiff avers that they allegedly later used to infringe on the 998 patent, thus giving rise to Plaintiff's claim of patent infringement. Additionally, Specma hired a Pennsylvania resident to serve as its International Sale Director within the forum and " work on the sale of their products." (Ex. 2 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.) It is more than clear to the Court that that the claims asserted against Specma directly relate and arise out of the above-mentioned activities.

Turning to the third prong in our analysis, the Court must determine whether the assertion of

personal jurisdiction is reasonable and fair.[5] This prong embodies the due process considerations of personal jurisdiction and places the burden on the party over whom jurisdiction is sought to prove that jurisdiction would be constitutionally unreasonable. See Akro, 45 F.3d at 1545-46. ("'Where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a **compelling case** that the presence of some other considerations would render jurisdiction unreasonable.'" (quoting Burger King, 471 U.S. at 476-77)) (emphasis added). Specma has not satisfied its burden of establishing that jurisdiction in this forum would be unreasonable. Moreover, the Court is particularly persuaded by the fact that Specma willingly agreed to submit to jurisdiction in the forum for any action involving the confidentiality agreement. Additionally, it is difficult to conclude that the United States District Court for the Eastern District of Pennsylvania is an inconvenient forum for Specma to defend itself, when Specma is currently defending a separate action against Plaintiff in the Pennsylvania Court of Common Pleas. See (Ex. 4 Pl's Mem in Supp. Of Response in Opp'n to Mot. To Dismiss.). This case does not present one of the rare and compelling instances where the exercise of jurisdiction would be unreasonable despite the presence of minimum contacts. Thus, the Court finds that jurisdiction in the forum "comports with fair play and substantial justice." Burger King., 471 U.S. at 476.

B. Venue

As to venue, Specma argues that venue is improper because the Court lacks personal jurisdiction over it, thus requiring dismissal of the case against them. In opposition, Plaintiff argues that in a patent infringement case venue is proper in a judicial district when the defendant is a

---

[5] In determining whether exercising jurisdiction comports with "fair play and substantial justice," the Court considers five factors: "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiffs interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive policies." Burger King Corp., 471 U.S. at 477.

corporation, and the corporation is subject to personal jurisdiction in that district. The Court agrees.

Rule 12(b)(3) governs venue and provides that a motion to dismiss may be made on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). Such motions "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). Title 28 of the United States Code § 1400(b) governs the venue for patent infringement actions and provides that a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2006). "For purposes of venue. . .a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Id. at § 1391(c). Because the court may exercise personal jurisdiction over Specma, venue, too, is proper in this district.

V. **CONCLUSION**

For the foregoing reasons the Court will deny the moving Defendants' motion to dismiss for lack of jurisdiction.

An appropriate order follows.

**BY THE COURT:**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**